An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
MIKE VINCENT REYES,
Respondent.

No. 60273



FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting a motion to set aside an illegal conviction and sentence. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Respondent Mike Reyes, a convicted sex offender, violated lifetime supervision. The State charged him with a felony pursuant to NRS 213.1243. In 2007, the Nevada Legislature revised various sex offender statutes to comply with SORNA, a federal act that implements certain procedures to track sex offenders. The legislation included amendments to NRS 213.1243. Before the 2007 amendments, the provisions regarding the crime of violating lifetime supervision and the penalties for it were set forth in NRS 213.1243(3)-(5). 2007 Nev. Stat., ch. 418, § 5, at 1918-19. The crime was designated as a misdemeanor or a category B felony depending on whether the violation was a "minor" or a "major" violation. *Id.* After the amendments, the violation was an automatic felony. Here, the alleged violation occurred after the effective date of the 2007 amendments.

The ACLU sued in federal district court to enjoin implementation of the 2007 amendments, and in 2008, the federal district

court issued an injunction against implementation. Based on that injunction, the district court in this case determined that Reyes' guilty plea must be withdrawn and the case dismissed.

Meanwhile, the Ninth Circuit Court of Appeals overturned the injunction as to A.B. 579 and remanded the injunction as to S.B. 471 to the federal district court. *ACLU of Nevada v. Masto*, 670 F.3d 1046 (9th Cir. 2012). In February 2013, the federal district court issued an order narrowing the scope of the injunction against S.B. 471. The 2013 order clarifies the scope of the injunction over NRS 213.1243(8), the statute under which Reyes was charged.

In this appeal, which was docketed before the February 2013 order narrowing the injunction, the parties devote the majority of their efforts to arguing the scope of the 2008 injunction. These arguments are significantly affected, if not eliminated, by the 2013 order clarifying that the 2008 injunction does not reach NRS 213.1243(8). Although Reyes briefly raises constitutional and fairness concerns about his lack of notice that his conduct could subject him to a felony charge, especially given the Attorney General's Office and the Legislative Counsel Bureau opinions that the statute's operation had been suspended, these concerns were neither fully briefed to, nor decided by, the district court. These issues should be developed in the first instance in the district court. We therefore vacate the district court's order granting the motion to set aside an illegal conviction and sentence and remand to the district court to determine: (1) the effect of the 2013 federal district court order, which clarified the scope of the injunction; (2) the effect of the uncertainty, if any, of the law concerning NRS 213.1243(8) at the time Reyes was charged and convicted; (3) Reyes' liability under the pre-2008 statutory scheme if the

amendments cannot be enforced against Reyes; and (4) such other issues as the parties may raise on remand.[1]

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk

---

[1]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.